UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TONY WILLIAMS and TRAVIS HOUSTON,
and other similarly-situated individuals,

    Plaintiff(s),

vs.

R.T.G. FURNITURE CORP, d/b/a
ROOMS TO GO, a Florida Profit
Corporation, and SE INDEPENDENT
DELIVERY SERVICES, INC., a
Florida Profit Corporation,

    Defendant(s).
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff(s), TONY WILLIAMS and TRAVIS HOUSTON ("Plaintiffs"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendants, R.T.G. FURNITURE CORP d/b/a ROOMS TO GO ("Defendant" or "RTG") and SE INDEPENDENT DELIVERY SERVICES, INC. ("Defendant" or "SEIDS") (collectively, "Defendants"), and in support aver as follows:

**GENERAL ALLEGATIONS**

1. This is an action by the Plaintiffs and other similarly-situated individuals for damages for unpaid wages and overtime due to misclassification of employee status under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiffs were at all times relevant to this action, and continue to be, residents of Polk County Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the FLSA.

4. Defendant R.T.G. FURNITURE CORP d/b/a ROOMS TO GO is a Florida Profit Corporation, with one of its places of business operating within Polk, County, Florida. Defendant RTG jointly employed Plaintiff(s) (including opt-in Plaintiffs), and controlled management and operations for Defendant SE INDEPENDENT DELIVERY SERVICES, INC., where Plaintiff(s), at all times material hereto, worked for Defendants, and, at all times material hereto, was and is engaged in interstate commerce.

5. Defendant SE INDEPENDENT DELIVERY SERVICES, INC. is a Florida Profit Corporation, with one of its places of business operating within Polk, County, Florida. Defendant SEIDS jointly employed Plaintiff(s) (including opt-in Plaintiffs), and shared in management and operations responsibilities for Defendant R.T.G. FURNITURE CORP d/b/a ROOMS TO GO, where Plaintiff(s), at all times material hereto, worked for Defendants, and, at all times material hereto, was and is engaged in interstate commerce.

6. At all times material hereto, Defendants acted as and were joint employers of Plaintiff(s), each possessing the right to control the Plaintiffs' work, exercising sufficient control over the Plaintiffs' work, and sharing in matters governing the essential terms, conditions, and privileges of the Plaintiffs' employment.

7. Venue is proper in the United States District Court for the Middle District of Florida because the acts or omissions giving rise to this Complaint occurred in whole or in part in Polk County, Florida, within the jurisdiction of this Honorable Court.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

10. Plaintiff(s) have retained the undersigned counsel in order that their rights and interests may be protected and have thus has had to incur the costs of litigation and have become obligated to provide their counsel with a reasonable attorney's fee.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiffs were originally hired by SEIDS in or around 1996.

12. SEIDS performs warehousing and distribution services for Defendant RTG, operating within RTG's facility and with RTG's products and resources, and has done so since at least the time that the Plaintiffs started their employment through the present.

13. During all relevant times of Plaintiffs' employment with Defendants, Plaintiffs were provided with an employee badge for RTG and a RTG retirement benefits accounts.

14. During all relevant times of the Plaintiffs' employment, members of Defendant RTG's management possessed the authority and right to control and affect the Plaintiffs' work.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. In or around 2019, Plaintiffs were employed in managerial level positions, performing duties which qualified them as exempt employees under the FLSA.

16. On information and belief, during mid-late 2019, Defendant SEIDS transitioned more of its management responsibilities for warehousing and distribution duties at the RTG-owned warehouse where Plaintiffs worked to members of RTG's management.

17. In or around late 2019, Defendant RTG, through its President, David Bennett, made changes to the SEIDS reporting structure under which Plaintiffs had previously been operating and caused changes to the Plaintiffs' duties and responsibilities, including the removal of much of the Plaintiffs' management responsibilities.

18. Bennett and RTG warehouse manager, Brian Beckham, notified other warehouse employees working for Defendants that the Plaintiffs would no longer be occupying their former management positions and the notified employees would no longer be reporting to the Plaintiffs as they had been previously.

19. At or around this time, in or around late 2019 or early 2020, the Plaintiffs were demoted and/or transitioned to lower ranking and less desirable positions compared to the ones that they had previously held.

20. Following the change to the Plaintiffs' positions, referenced in part above, Plaintiffs began having their management-related duties and responsibilities removed, such as oversight duties and participation in manager meetings, as well as being assigned to perform more menial and degrading tasks that are not associated with a manager titled position, such as loading trailers, wrapping furniture, cleaning out trash from trailers, and other duties that were nonmanagerial in nature.

21. Plaintiffs' performance of non-managerial and/or nonexempt work accounted for the majority of the work the Plaintiffs performed during each work week after on or about January 2020.

22. Plaintiffs worked for Defendants as nonexempt employees, performing majority nonmanagerial work duties, from on or about January 2020, through the end of their employment with Defendants, on or about September 10, 2020.

23. At all times material hereto, Plaintiffs and Defendants were engaged in an implied agreement whereby Plaintiffs would be employed by Defendants and that Plaintiffs would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

24. Throughout the Plaintiffs' relevant period of employment, the Plaintiffs worked more than forty (40) hours per week.

25. During the relevant period of this action when Plaintiffs performed work as non-exempt employees, Plaintiffs were not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

26. Despite the removal of Plaintiffs' managerial duties and responsibilities and assignment of majority non-managerial duties, Plaintiffs continued to only be paid a set salary, without making any provision for the payment of overtime pay for the hours worked in excess of forty (40) in a given work week.

27. The services that Plaintiffs performed and provided throughout their employment with Defendants were at all times an integral part of Defendants' businesses.

28. Throughout the Plaintiffs' employment with Defendants, Defendants exerted a large amount of control over the Plaintiffs' work. Defendants and/or their agents shifted Plaintiffs' position, removed Plaintiffs' management responsibilities, issued new assignments to Plaintiffs, reassigned Plaintiffs' subordinates, altered Plaintiffs' schedules, and made or caused other changes to the Plaintiffs' terms, conditions, or privileges of employment.

29. On or about September 10, 2020, Plaintiffs were terminated from their employment with Defendants by RTG human resources.

30. Any reason preferred by Defendants for their conduct complained of herein is mere pretext for unlawful employment actions.

## COUNT I
### Wage & Hour Federal Statutory Violation against
### R.T.G. FURNITURE CORP d/b/a ROOMS TO GO

31. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

32. This action is brought by Plaintiffs and other similarly-situated individuals to recover from Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

35. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

36. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiffs' work for the Defendant likewise affect interstate commerce.

37. Plaintiffs seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

38. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in the FLSA.

39. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs these unpaid wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiffs are entitled to recover double damages.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum

wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation against SE INDEPENDENT DELIVERY SERVICES, INC.

41. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

42. This action is brought by Plaintiffs and other similarly-situated individuals to recover from Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

43. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

44. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts

funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

45. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

46. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiffs' work for the Defendant likewise affect interstate commerce.

47. Plaintiffs seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

48. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in the FLSA.

49. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs these unpaid wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiffs are entitled to recover double damages.

50. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

G. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiffs an equal amount in double damages/liquidated damages; and

I. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues triable as of right by jury.

Dated: August 4, 2023

Respectfully submitted,
/s/ Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Florida Bar No. 188239
Email: pmh@rgph.law
Corey L. Seldin, Esq.
Florida Bar No. 1026565
Email: cseldin@rgph.law
**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
(305) 416-5000- Telephone