UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY WILLIAMS and TRAVIS HOUSTON, and other similarly-situated individuals,

    Plaintiffs,

v.

R.T.G. FURNITURE CORP, d/b/a ROOMS TO GO, and SE INDEPENDENT DELIVERY SERVICES, INC.,

    Defendants.

                                                /

Case No. 8:23-cv-01755-MSS-TGW

## DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants, R.T.G. FURNITURE CORP, d/b/a ROOMS TO GO ("RTG") and SE INDEPENDENT DELIVERY SERVICES, INC. ("SEIDS"), move under Rule 12(b)(6) to dismiss the Complaint with prejudice for failure to state a claim.

## INTRODUCTION

This action is not timely. A Fair Labor Standards Act ("FLSA") claim must "be commenced within two years after the cause of action accrued … except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Importantly, though, an FLSA collective action is not "commenced" when the complaint is filed, but

rather when each plaintiff files a consent to sue his or her employer.  29 U.S.C. § 256.[1]  To date, neither Plaintiff has filed such a consent.[2]  Plaintiffs, by their own admission, have not been employed by either of Defendants since September 10, 2020.  (ECF No. 1 at ¶ 22; ECF No. 11 at Interrogatory No. 1.)  Accordingly, Plaintiffs' Complaint is time barred under even the three-year statute of limitations.  As no amendment can cure the untimeliness, the Court should dismiss this case with prejudice.

## ARGUMENT

### I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a case when a plaintiff fails to state a claim on which relief can be granted.  When ruling on a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff.  E.g., *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008).  In addition to considering the allegations in

---

[1] Plaintiffs' counsel filed this case on August 4, 2023, which is almost three years after Plaintiffs had been terminated, yet only ten days after an unsuccessful mediation in another action brought by Williams against these Defendants and on the same day as an unsuccessful mediation in another action brought by Houston against these Defendants.  (ECF No. 11 at Interrogatory No. 10.)

[2] "A court may take judicial notice of its own records." *United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987).

2

the complaint itself, the Court may consider "matters of which a court may take judicial notice" in deciding whether a plaintiff has stated a claim. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

A "Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 802 (11th Cir. 2019) (quoting *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977)). "[D]ismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013).

## II. <u>Plaintiffs' Complaint is Time-Barred</u>

It is apparent from the face of Plaintiffs' Complaint and the docket in this action that Plaintiffs' action is time-barred because it was not commenced within three years following the end of Plaintiffs' employment.

### A. <u>Named Plaintiffs Must File Consent Forms To Commence A Collective Action.</u>

All plaintiffs, including those named in a complaint, must file consents to sue to commence an FLSA collective action. The FLSA contains a specific provision that defines when an action is commenced for statute of limitations purposes. That provision reads, in full:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, shall be considered to be commenced on the date when the complaint is filed; except that **in the case of a collective or class action instituted under the Fair Labor Standards Act** of 1938, as amended, or the Bacon-Davis Act, **it shall be considered to be commenced** in the case of any individual claimant—
>
> (a) **on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought**; or
>
> (b) **if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced**.

29 U.S.C. § 256 (emphasis added).

Accordingly, an FLSA collective action only "commences for each individual plaintiff on the date of filing [the complaint] if he is specifically named as a party plaintiff in the complaint **and his written consent to become a party plaintiff is filed on such date**." *Garcia v. Sedanos Mkt., Inc.*, No. 19-CV-22014, 2019 WL 13089700, at *3 (S.D. Fla. July 17, 2019) (quotation marks omitted, emphasis added). Otherwise, "the collective action is not 'commenced' for purposes of the statute of limitations until [the plaintiff] files a written consent with the Court." *Martinez v. G5ive, LLC*, No. 17-CV-22857, 2017 WL 11716526, at *3 n.2 (S.D. Fla. Oct. 2, 2017) (brackets omitted); *see also Wright v. Waste Pro USA, Inc.*, 69 F.4th 1332, 1337 (11th Cir. 2023) ("Section 256 explains that for purposes of that

4

limitations period, an action 'shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective action, it shall be considered to be commenced in the case of any individual claimant' when he files his written consent to become a party in the court in which the action was brought.") (quoting 29 U.S.C. § 256) (brackets and ellipses omitted); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1107 (11th Cir. 1996) ("a putative plaintiff must file his written consent to opt into the class action prior to the expiration of the statute of limitations"); 1 McLaughlin on Class Actions § 2:16 (19th ed.) ("The limitations period is not tolled with respect to any plaintiff unless and until they file a written consent"). Therefore, where, as here, Plaintiffs filed a collective action, they had to also file consents to commence this suit and stop the running of the statute of limitations on their claims.

## B. Plaintiffs Brought A Collective Action

Plaintiffs' Complaint demonstrates that this action is unquestionably brought as a collective action.

To determine whether a lawsuit is brought as a collective action, courts look to both the title of the complaint and its allegations. *E.g.*, *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1016 (11th Cir. 2007). Plaintiffs titled their Complaint as being "OPT-IN PURSUANT TO 29 U.S.C. § 216(B)." (ECF No. 1 at 1.) They repeatedly assert that their claims are being brought "by the Plaintiffs and other similarly-

situated individuals." (*Id.* at ¶¶ 1, 32, 42.) This is more than sufficient to demonstrate that this case is brought as a collective action. *See Albritton*, 508 F.3d at 1016 (complaint pled a collective action where titled as such and where complaint asserted that plaintiffs brought suit "on behalf of themselves and all others similarly situated"); *Acosta v. Tyson Foods, Inc.*, 800 F.3d 468, 472 (8th Cir. 2015) (suit was collective action where complaint was styled as a collective action and action was brought on behalf of the named plaintiffs and "other similarly situated individuals"); *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1102 (7th Cir. 2004) (suit that "was captioned as a representative action" was a collective action).

### C. **Plaintiffs Failed To File The Required Consents And Therefore Did Not Commence This Action During The Three-Year Extended Statute Of Limitations Period.**

Plaintiffs' employment ended on September 10, 2020. (ECF No. 1 at ¶ 22; ECF No. 11 at Interrogatory No. 1.) Accordingly, they needed to file consents by September 10, 2023, to have timely claims, even under the three year statute of limitations. *See Wright v. Waste Pro USA, Inc.,* 606 F. Supp. 3d 1237, 1242 (S.D. Fla. 2022) ("Plaintiff's last day of employment with Defendants was November 7, 2015. Therefore, as the named party plaintiff in a putative collective action, Plaintiff's deadline to 'commence' his FLSA action was November 7, 2018.").

While consents do not need to be in any particular form, it is universally recognized that they must contain at least some form of signature "'by the person

6

whose consent it purports to be.'" E.g., *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 676 (6th Cir. 2012) (quoting *Kulik v. Superior Pipe Specialties Co.*, 203 F.Supp. 938, 941 (N.D. Ill. 1962)); *see also Stone v. Troy Constr., LLC*, 935 F.3d 141, 153 (3d Cir. 2019) ("'[c]ourts have shown considerable flexibility in what constitutes 'written consent' as long as the signed document indicates consent to join the lawsuit.'") (quoting *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 454 (D.N.J. 2011)); *Wells v. Cmty. Health Sys., Inc.*, 630 F. Supp. 3d 938, 943 (M.D. Tenn. 2022) ("All that is required is a signed statement indicating the plaintiff's intent, and consent, to participate as a plaintiff in the collective action.") (quoting *Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-00327, 2018 WL 3057880, at *3 (D. Colo. June 20, 2018)) (collecting cases). While Plaintiffs' counsel filed a number of documents, they did not file anything purporting to be signed by Plaintiffs until September 25, 2023, and still have not filed anything signed by Plaintiffs stating their intention to pursue this action. (*See* Docket.) Accordingly, they have not commenced this putative collective action. *See* 29 U.S.C. § 256. As it is now well past September 10, 2023, they cannot commence this action within even the extended three-year limitations period for alleged willful violations of the FLSA. Therefore, their claims are time-barred, and the Court should dismiss the Complaint with prejudice.

7

This result is supported by numerous cases, including decisions by every circuit court of appeals to consider this issue. In *Wright*, for example, the plaintiff in a putative collective action filed a consent after the expiration of the statute of limitations. 606 F. Supp. 3d at 1242. The court entered judgment against the plaintiff, finding that the "[p]laintiff's FLSA action did not commence within the meaning of § 256 until he filed his Notice of Consent to Join." *Id*. The Eleventh Circuit affirmed this decision and confirmed that collective actions only "commence" when a plaintiff "files his written consent to become a party in the court in which the action was brought." *Wright*, 69 F.4th at 1337.

In *Acosta*, the plaintiffs filed a putative collective action against their former employer. 800 F.3d at 470. One of the named plaintiffs filed a consent after the limitations period had expired. *Id*. at 471. The district court denied a motion for summary judgment on statute of limitations grounds, but the Eighth Circuit reversed. *Id*. at 472. It found that the plaintiff's complaint was a collective action, so the plaintiff had to file a consent to "commence" the action before the limitations period expired. *Id*. at 472. The Eighth Circuit reached the same conclusion in *Gomez v. Tyson Foods, Inc.*, 799 F.3d 1192, 1194 (8th Cir. 2015) ("As in *Acosta*, the district court should have dismissed the FLSA claims because no named plaintiff filed the required consent to proceed as a party in the collective action.").

8

In *Harkins*, the plaintiffs filed a putative collective action against their former employer. 385 F.3d at 1101. The district court dismissed several named plaintiffs' claims "because no written consents by them to join in th[e] suit had been filed with the court before the statute of limitations expired." *Id*. The Seventh Circuit affirmed, finding that because the "suit was captioned as a representative action," it was not "commenced" by plaintiffs until they filed consents. *Id*. at 1102.

In *Frye v. Baptist Memorial Hospital, Inc.*, the district court entered judgment in favor of the defendant because the named plaintiff had "failed to file written consent to join the action within the FLSA's statute of limitations." 495 F. App'x 669, 671 (6th Cir. 2012). The Sixth Circuit affirmed, finding that as plaintiff's complaint "unambiguously signaled his intent to pursue a collective action under the FLSA[,] he needed to comply with the FLSA's written-consent requirement within the statute of limitations." *Id*. At 676.

The other circuit courts of appeal that have considered this issue have come to the same conclusion. *See Hallak v. L3 Commc'ns Corp.*, 490 F. App'x 2, 6 (9th Cir. 2012) ("Plaintiffs' suit was properly classified as a collective action under the FLSA and therefore barred, due to their failure to timely file the required written consents from all individual plaintiffs."); *In re Food Lion, Inc.*, 151 F.3d 1029 (Table), 1998 WL 322682, at *13 (4th Cir. 1998) (affirming district court's decision dismissing the claims of named plaintiffs who did not file consent forms within the

9

limitations period); *see also Stone v. Troy Constr., LLC*, 935 F.3d 141, 153-54 (3d Cir. 2019) (affirming certain claims as untimely because they accrued more than three years before plaintiff filed a consent). Following the lead of these courts, the Court should dismiss Plaintiffs' Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint with prejudice.

## LOCAL RULE 3.01(g) Certification

The undersigned certifies that counsel for Defendants conferred with counsel for Plaintiffs regarding the relief sought in this motion by email and telephone, and that Plaintiffs have not consented to the same.

Dated: September 27, 2023                Respectfully submitted,

| /s/ Christopher M. Cascino | /s/ Emily C. Ayvazian |
|---|---|
| William E. Grob | PHILLIP J. HARRIS |
| Florida Bar No. 463124 | Florida Bar Number: 44107 |
| Christopher M. Cascino | Email: phillip.harris@akerman.com |
| Florida Bar No. 1022861 | EMILY C. AYVAZIAN |
| OGLETREE, DEAKINS, NASH, | Florida Bar Number: 1005563 |
| SMOAK & STEWART, P.C. | Email: Emily.ayvazian@akerman.com |
| 100 North Tampa Street, Suite 3600 | AKERMAN LLP |
| Tampa, Florida 33602 | 401 E. Jackson Street |
| Telephone: 813.289.1247 | Suite 1700 |
| Facsimile: 813.289.6530 | Tampa, FL 33602-5250 |
| william.grob@ogletree.com | Phone: (813) 223-7333 |
| chris.cascino@ogletree.com | Fax: (813) 223-2837 |
| *Attorneys for Defendant SE INDEPENDENT DELIVERY SERVICES, INC.* | *Attorneys for R.T.G. FURNITURE CORP, d/b/a ROOMS TO GO* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

> Peter M. Hoogerwoerd, Esq.
> Cory L. Seldin, Esq.
> REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC
> 2745 Ponce De Leon Blvd.
> Coral Gables, FL 33134
> Telephone: 305.416.5000
> pmh@rgph.law
> cseldin@rgph.law
> *Attorneys for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

> */s/ Christopher M. Cascino*
> Attorney